# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| DAVID DELAINE and<br>MARY DELORES DELAINE,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROSCO MANUFACTURING CO.;<br>VT LEEBOY, INC.; and<br>VIKING PUMP, INC.;<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 3:10-CV-49 (CAR) |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Currently before the Court are Defendants Rosco Manufacturing Co.'s ("Rosco") and VT Leeboy's ("Leeboy") Motion to Dismiss Plaintiff David Delaine's claims [Doc. 3]; and Defendant Viking Pump, Inc.'s ("Viking") Motion to Dismiss Plaintiff David Delaine's claims.[1] [Doc. 10]. On July 8, 2010, Defendants removed this products liability case from the State Court of Athens-Clarke County to this Court pursuant to the Court's diversity jurisdiction. Thereafter, Defendants filed the Motions at bar contending that David Delaine's claims must be dismissed as barred the applicable statute of limitations. For the reasons stated below, the Court agrees. Therefore, Defendants' Motions to Dismiss [Docs. 3 and 10] are **GRANTED**, and Plaintiff David Delaine's claims are hereby **DISMISSED**.

## BACKGROUND

This action stems from an accident that occurred on August 15, 2007. On August 18, 2009, over two years after the accident occurred, Plaintiffs filed their original suit in the State Court of Clarke County. Plaintiff David Delaine asserted personal injury claims, and his wife

---

[1] The Motions are not directed at Plaintiff Mary Delores Delaine's claim for loss of consortium.

Plaintiff Mary Delores Delaine asserted a claim for loss of consortium. Because the case satisfied the standards pursuant to the federal diversity jurisdiction statute, Defendants removed that action to this Court, Civil Action File No. 3:09-CV-115(CDL). All three Defendants filed answers in the original action. While Defendant Viking Pump affirmatively pled a statute of limitations defense in its Answer, neither Leeboy or Rosco pled the defense. On December 9, 2009, just over one month after Defendants filed their answers and before discovery even commenced, the action was dismissed without prejudice by stipulation of counsel.

On June 7, 2010, Plaintiffs re-filed their case in the State Court of Clarke County, within the six month deadline to renew the action pursuant to Georgia's renewal statute, O.C.G.A. § 9-2-61. Thereafter, Defendants removed the action to this Court and filed answers to the renewed complaint in which all affirmatively asserted a statute of limitations defense. Thereafter, Defendants filed the Motions to Dismiss currently at bar contending Plaintiff David Delaine's claims are barred by the applicable statute of limitations. Plaintiff argues that his claims are saved by Georgia's renewal statute and are therefore not time-barred.

## LEGAL STANDARD

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1951 (2009). The Supreme Court requires that "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" which requires that the plaintiff plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. at 1949 (internal citations omitted). This plausibility standard is not a probability requirement but demands "more than a sheer possibility that a defendant has acted unlawfully." Id.

Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a clam upon which relief can be granted, see Anacata v. Prison Health Serv., Inc., 769 F.2d 700 (11th Cir. 1985), a court may dismiss a complaint on a dispositive issue of law, regardless of the facts. See Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). A statute of limitations bar is an affirmative defense. See La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). As such, plaintiffs are not required to negate it in their complaint. Id. If, however, "it is apparent from the face of the complaint that the claim is time-barred," Rule 12(b)(6) dismissal is appropriate. Id. (internal citations omitted).

## ANALYSIS

David Delaine brings his claims to recover for personal injuries. Personal injury claims in Georgia must be filed "within two years after the right of action accrues." O.C.G.A. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.").[2] "The general federal rule is that actions do not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (quotation omitted).

Here, David Delaine's injuries resulted from an accident that occurred on August 15,

---

[2] As noted earlier, Plaintiff Mary Delores Delaine has filed a claim for loss of consortium, and these Motions are not directed toward that claim.

3

2007. All parties agree that he had until August 15, 2009, to file his personal injury claims. Because August 15, 2009, fell on a Saturday, Plaintiff had until the following Monday, August 17th, to file suit. Plaintiff, however, did not file suit until that Tuesday, August 18th, and thus he filed his original suit outside the statute of limitations.

Delaine argues, however, that despite the untimeliness of his original claims, his claims against Defendants Rosco and Leeboy are saved by Georgia's renewal statute because those defendants did not affirmatively plead a statute of limitations defense in the original action.[3] Delaine argues that in failing to raise the defense in the original action, Rosco and Leeboy have waived their right to assert the defense in the renewed action. This argument, however, is unavailing.

First, the plain language of the renewal statute makes clear that the original suit must be brought within the applicable statute of limitations before it can be renewed. Georgia Code § 9-2-61 provides:

> When any case has been *commenced* in either a state or federal court *within the applicable statute of limitations* and the plaintiff discontinues or dismissed the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . .

O.C.G.A. § 9-2-61(a) (emphasis added). The Georgia Supreme Court, in interpreting the renewal statute, has stated that a plaintiff "may voluntarily dismiss the case and recommence it within six months after the dismissal" only "if the original complaint was filed within the applicable statute of limitation." Robinson v. Boyd, ___ S.E.2d ___, 2010 WL 4054085, * 2 (Ga. 2010) (citing O.C.G.A. § 9-2-61(a)). Indeed, Georgia courts have specifically held that "[a]

---

[3] David Delaine concedes that his claims against Defendant Viking Pump are time-barred as Viking Pump affirmatively pled a statute of limitations defense in its answer to the original action.

4

properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation." Blackwell v. Goodwin, 236 Ga. App. 861, 863 (Ga. App. 1999) (citation omitted). Here, it is undisputed that Plaintiff David Delaine failed to file his original claims within the statute of limitations. Thus, his claims in the renewed action are deemed filed outside the statute of limitations and may not be saved by the renewal statute.

Moreover, a "renewal suit 'is an action de novo.'" Chandler v. Opensided MRI of Atlanta, LLC, 299 Ga. App. 145, 156 (2009) (quoting Granite State Ins. Co. v. Nord Bitumi U.S., 262 Ga. 502, 505 (1992)). "[T]herefore, the procedural requirements of filing a new complaint and perfecting service must be met anew." Long v. Bellamy, 674 S.E.2d 120, 123 (Ga. App. 2009). Not only must a new complaint be filed, but Defendants must file a new answer or other responsive pleading to the renewed complaint. See, e.g., Daniel v. Causey, 220 Ga. App. 589, (1996) (appellate court upholds trial court's denial of motion to open default where defendants failed to answer renewed complaint). Here, Defendants Leeboy and Rosco filed answers to the renewed action affirmatively raising a statute of limitations defense.

Even if this Court did not find Plaintiff David Delaine's claims barred by the applicable statute of limitations for the foregoing reasons, the Court would not find that Defendants' failure to plead a statute of limitations defense in their answer to the original suit constitutes a waiver of the defense. "Neglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise." Jones v. Miles, 656 F.2d 103, 108 n. 7 (5th Cir. Aug. 31, 1981); see also Hassan v. United States Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) (quoting Jones). Indeed, the Eleventh Circuit has stated that "although Rule 8(c) requires that a statute of limitations defense be raised as an affirmative defense, this court has noted that the purpose of Rule 8(c) is to give the opposing

party notice of the affirmative defense and a chance to rebut it, and, as a result, if a plaintiff receives notice of an affirmative defense by some means other than the pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir.1989) (quoting Hassan, 842 F.2d at 263) (internal quotation marks omitted).

Here, Rosco and Leeboy's co-defendant Viking Pump affirmatively pled the statute of limitations defense in its original answer, thereby putting Plaintiff on notice that the statute of limitations was an issue in this case. Because Plaintiff was on sufficient notice, he would suffer no surprise or prejudice from any lateness in Rosco and Leeboy asserting that the claims against them were also time-barred. Moreover, the parties in this case dismissed the original suit before discovery even commenced. Thus, a finding of waiver would be premature as the Eleventh Circuit has held that a defendant suffering no prejudice may raise an affirmative defense such as the statute of limitations at stages in the case beyond the initial pleadings. See, e.g., Grant, 885 F.2d at 797 (at summary judgment); Steger v. General Electric Co., 318 F.3d 1066 (11th Cir. 2003) (at pretrial conference); and Navarro v. Santos Furniture Custom Design, Inc., 372 Fed. Appx. 24, 25 (11th Cir. 2010) (at trial).

## CONCLUSION

For the reasons explained above, Defendants' Motions to Dismiss [Docs. 3 and 10] this action are hereby **GRANTED**, and Plaintiff David Delaine's claims are hereby **DISMISSED** as barred by the applicable statute of limitations. Plaintiff Mary Delores Delaine's claim for loss of consortium, however, may proceed.

**SO ORDERED,** this 5th day of November, 2010.


                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT


SSH